IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3058 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KEVIN McCULLEY, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |
| | ) | |

A hearing was held before me July 16, 2007 on allegations made in the petition for action on conditions of pretrial release. The defendant was present with counsel, and was advised of his rights. The defendant admitted the allegations in the petition. I therefore find that the allegations of the petition are true.

Regarding disposition, the government proposed that defendant should be required to participate in inpatient treatment, and that he be on electronic monitoring until he can be admitted to a suitable treatment facility. Defendant suggested that he be released to participate in intensive outpatient treatment. I choose to require defendant to participate in inpatient treatment as soon as he can be admitted. Accordingly,

IT THEREFORE HEREBY IS ORDERED, The previous order releasing the defendant on conditions, filing 8, is amended as follows:

1. Defendant shall:

    a. Upon being admitted to its treatment program, reside at <u>St. Francis Treatment Center or other treatment facility as directed by the supervising officer</u>, and shall abide by all of the rules of said facility. Defendant shall not leave the treatment facility without the express approval of the supervising officer and the staff of the facility. In the event that the defendant is discharged from the facility for

any reason whatsoever or leaves the premises of the facility without authorization, he shall immediately report to his supervising officer or the nearest office of the United States Marshal. The supervising officer, the United States Marshal, or any other law enforcement officer is ordered to take the defendant into custody and detain the defendant pending a prompt hearing before the court to review the conditions of release.

b.   Until admitted to the treatment facility, participate in the following home confinement program components and abide by all the requirements, which **will** include electronic monitoring or other location verification system. Installation of monitoring equipment shall be at defendant's expense, payable in advance of the installation; monitoring expenses shall be paid by defendant monthly.  Defendant shall not disconnect, cut, alter, damage, destroy, or in any way interfere with the monitoring equipment or its proper operation.

> **Home Detention**.  You are restricted to your residence **at all times** except for employment, treatment obligations, or other absences **pre-approved** by the supervising officer.

c.   With respect to any treatment or educational program required by this order, participate in good faith in the program and authorize the release of confidential information to the supervising officer or agency concerning his level of participation and the extent of his progress, and bear all or a portion of the expenses of such program on a scale or schedule arranged by the supervising officer.

2.   During the defendant's residence at a suitable treatment facility, the requirement that he engage in full-time, verifiable employment shall not be in effect.

All remaining provisions of defendant's original order setting conditions of release, filing 8, remain in effect.

DATED July 17, 2007

BY THE COURT

s/ *David L. Piester*
United States Magistrate Judge

2